IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMARA HATCHER,

Plaintiff,

vs.

CASE NO.: 6:17-CV-909-ORL-37-DCI

LETZRY, INC. d/b/a MOLLY
MAIDS and CATHERINE
LETZINGER

Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, TAMARA HATCHER (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues LETZRY, INC. d/b/a MOLLY MAIDS and CATHERINE LETZINGER (hereinafter referred to collectively as "Defendants") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Defendant, LETZRY, INC. d/b/a MOLLY MAIDS, is a Florida for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, providing professional cleaning services.

5. Defendant, CATHERINE LETZINGER, is the owner, operator, CEO, director, officer, and/or is otherwise a management employee of LETZRY, INC. d/b/a MOLLY MAIDS.

6. Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

8. Plaintiff, TAMARA HATCHER, is a resident of the State of Florida and worked for the Defendant, in Melbourne, Florida, during the three (3) years before the date on which this Complaint was filed.

9. Plaintiff, TAMARA HATCHER, worked for the Defendant performing, but not limited to, professional house cleaning service.

## FACTUAL ALLEGATIONS

10. The Defendant, LETZRY, INC. d/b/a MOLLY MAIDS (hereinafter "LETZRY") is an employer and enterprise engaged in interstate commerce and is subject to FLSA.

11. The Defendant, CATHERINE LETZINGER, is an employer and enterprise engaged in interstate commerce.

12. Based on information and belief, the Defendant operates and provides services to clients/customers located in Melbourne, Florida.

13. The Defendants' operations, practices, policies and procedures including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are

instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

15. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. The Defendant, LETZRY, INC. d/b/a MOLLY MAIDS, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to FLSA.

17. The Defendant, CATHERINE LETZINGER, has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to FLSA.

18. The Defendants control the day to day operations of LETZRY, INC. d/b/a MOLLY MAIDS and are actively involved in the day to day operations of

same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, purchasing products and supplies, setting pricing for services, and other business operations.

19. Defendant supervises the operations of LETZRY, INC. d/b/a MOLLY MAIDS, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

20. The Defendant hired the Plaintiff, TAMARA HATCHER, in or about July 2016. The Plaintiff worked for the Defendant through approximately November 2016.

21. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

22. The Plaintiff was a "non-exempt" employee of the Defendants.

23. The Plaintiff worked the number of hours required of her by the Defendants, but was not paid for each and every hour worked during a work week.

24. The Defendants suffered and permitted the Plaintiff to work for it but did not pay her for all hours that she worked for the Defendant.

25. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

26. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

27. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

28. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

29. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

30. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage compensation, as required by the FLSA, were willful and not in good faith.

31. At all times material herein, the Defendants had knowledge that it was not paying the Plaintiff the appropriate wages and did so intentionally, and in conscious disregard, to paying Plaintiff for all hours worked.

32. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I - 
## FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

33. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth and referenced herein.

34. The Defendants hired Plaintiff in or about July 2016 to work for them at/from their office located in this District.

35. During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, an cleaner

36. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

37. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA on at least one occasion.

38. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

39. The Defendants were aware it had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

40. The Defendants knew, or showed reckless disregard for the fact, that its failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

41. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due her violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendant's unlawful practice, the Plaintiff has suffered unpaid wages.

42. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

43. Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

44. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is

*Hatcher v. Letzry Inc. d/b/a Molly Maids*
Page **8** of 16

entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

43. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty (30) above as if fully set forth herein.

44. The Defendants hired Plaintiff in or about July 2016 to work for them at/from their office located in this District.

45. During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of, but not limited to, an house keeper.

46. During the majority of her employment with the Defendants, the Plaintiff regularly worked over forty (40) hours in a work week for the Defendants.

47. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

48. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

49. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times her regular hourly rate for each hour worked in excess of forty (40) in a work-week.

50. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

51. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of 40 hours for each week she was employed by the Defendants and for which she was not paid one and one half times (1 ½) her regular rate.

52. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

53. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

54. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

55. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

56. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

57. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

## COUNT III – BREACH OF CONTRACT
(Against Defendant LETZRY, INC. d/b/a MOLLY MAIDS and CATHERINE LETZINGER)

58. This is also an action to recover damages for a breach of the Plaintiff's employment agreement/contract.

59. Plaintiff re-alleges and incorporates Paragraphs one (1) through five (5), seven (7), eight (8), twelve (12), and nineteen (19) through twenty-two (22), twenty-seven (27), and twenty-eight (28) above as if fully set forth herein.

60. At all times material and relevant, the Plaintiff was an employee of Defendants LETZRY, INC. d/b/a MOLLY MAIDS and CATHERINE LETZINGER (hereinafter collectively known as "MOLLY MAIDS").

61. At all times material and relevant, Defendants MOLLY MAIDS was the Plaintiff's employer.

62. The Plaintiff has satisfied all conditions precedent to this action.

63. The Plaintiff was employed with the Defendants from approximately July 2016 through November 2016.

64. Upon being hired by the Defendants, or shortly thereafter, the Defendants advised the Plaintiff she would receive eighteen percent (18%) commission of the jobs performed by the Plaintiff and her crew on weekdays and twenty-one (21%) percent on weekends.

65. The Defendants has failed to properly compensate the Plaintiff as agreed upon under the terms of the employment agreement/relationship.

66. The Plaintiff performed all, or substantially all, of the essential job responsibilities and duties that were required of her by the employment agreement with the Defendants.

67. The Defendants breached the employment agreement by, but not limited to, failing to pay the Plaintiff the agreed upon contract percentage, i.e. eighteen (18%) percent commission for all jobs performed on weekdays and twenty-one (21%) percent of commission for all jobs performed on weekends.

68. The Defendants' failure to pay the Plaintiff the proper contract percentage due him was a material breach of the employment agreement.

69. At all times, Plaintiff was in full compliance of the employment agreement and committed no material breach.

70. Records concerning the contracts/jobs worked by the Plaintiff are in the possession and custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

71. As a result of the Defendants' breach, the Plaintiff has been deprived of money owed in an amount to be determined at trial, and is entitled to recovery of such amounts.

72. Because of the Defendants, actions, the Plaintiff has retained counsel and pursuant to Florida Statute 448.08, the Plaintiff is entitled to the cost of this action plus reasonable attorneys' fees.

**WHEREFORE**, the Plaintiff prays this Court to declare that the Defendants breached the employment agreement with the Plaintiff; award all damages that flowed from this material breach to be proven at trial, award the Plaintiff the cost of this action and reasonable attorneys' fees; and grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL IS DEMANDED

DATED this 12th day of May, 2017.

                                        Respectfully submitted,

                                        */s/ Jeremiah J. Talbott*
                                        JEREMIAH J. TALBOTT, ESQ.
                                        FL Bar No. 0154784
                                        TYLER L. GRAY, ESQ.
                                        FL Bar No. 0059738
                                        Law Office of Jeremiah J. Talbott, P.A.
                                        900 East Moreno Street
                                        Pensacola, FL 32503
                                        (850) 437-9600 / (850) 437-0906 (fax)
                                        jjtalbott@talbottlawfirm.com
                                        civilfilings@talbottlawfirm.com
                                        *Attorneys for Plaintiff*