# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TAMARA HATCHER,

      Plaintiff,

v.                                          Case No:  6:17-cv-909-Orl-37DCI

LETZRY, INC. and CATHERINE
LETZINGER,

      Defendants.
_____

## REPORT AND RECOMMENDATION

On August 27, 2018, Plaintiff's counsel filed a motion seeking to withdraw from representing Plaintiff in this case.  Doc. 40 (the Motion).

On August 28, 2018, the undersigned entered a notice setting a hearing on the Motion for September 12, 2018 and directed counsel for both parties and Plaintiff to appear at the hearing in person.  Doc. 41.

On September 12, 2018, just prior to the hearing on the Motion, Plaintiff called the undersigned's chambers explaining that she would be unable to appear at the hearing.  Plaintiff, however, did not move to continue the hearing to a later date.  Thus, the hearing on the Motion proceeded as noticed.  Counsel for both parties appeared at the hearing, but Plaintiff failed to appear.

Following the hearing, the undersigned entered an order granting the Motion.  Doc. 50 (the Order).  Also, in the same Order, the undersigned set a show cause hearing for Plaintiff to show cause in person why sanctions, including, but not limited to, dismissal of the case, should not be imposed for failing to appear at the September 12, 2018 hearing.  *Id*. at 2.

The Clerk sent the Order via regular and certified mail to the two addresses for Plaintiff that Plaintiff's counsel provided to the Court (Doc. 49).

On September 26, 2018, the undersigned held the show cause hearing.  Defendants' counsel appeared at the hearing, but Plaintiff failed to appear.

Plaintiff was sent notice of the September 12 and 26, 2018 hearings, but failed to appear at both hearings.  The failure to appear at these hearings suggests that Plaintiff, who is now proceeding *pro se*, will not appear at future hearings or at trial.  Thus, as it stands, the record demonstrates that Plaintiff will not prosecute this case.  Therefore, the undersigned finds that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, it is **RECOMMENDED** that the Complaint (Doc. 1) be **DISMISSED without prejudice** for failure to prosecute.[1]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

---

[1] The undersigned notes that Defendants have asserted counterclaims against Plaintiff.  Docs. 22; 38.  At the September 26, 2018 hearing, Defendants stated that they would drop the counterclaims if the case was dismissed *with* prejudice.  However, the undersigned finds no basis, on this record, to recommend dismissal with prejudice.  That, however, does not preclude Defendants from objecting to this Report and providing the Court with a basis for dismissal with prejudice.  Nevertheless, if this Report is adopted and the Complaint is dismissed without prejudice, and Defendants do voluntarily dismiss their counterclaim (or already have done so), then the undersigned would also recommend that the Clerk be directed to close this case.

Recommended in Orlando, Florida on September 26, 2018.

                                                      DANIEL C. IRICK
                                                      UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy